FILED

JUL 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ROSALES,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>BELLAGIO, LLC,<br><br>            Defendant-Appellee. | No.   19-15574<br><br>D.C. No.<br>2:17-cv-03117-JCM-GWF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 10, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BUMATAY, Circuit Judges.

Jorge Rosales appeals the district court's grant of summary judgment to Bellagio, LLC on Rosales' claim that Bellagio violated the Americans with Disability Act (ADA) when it terminated Rosales from his job as a room service

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

food server.  Because the district court applied the wrong legal standard when evaluating Rosales' ADA claim, we reverse and remand.

Rosales initially filed a complaint in Nevada state court alleging, *inter alia*, discrimination in violation of the ADA for failure to provide a reasonable accommodation.  Bellagio removed the case to federal court and then moved for summary judgment.  In its motion, Bellagio contended that Rosales admitted that he could not perform his essential job functions with a reasonable accommodation, and that Bellagio complied with the ADA by engaging in the interactive process in good faith in reaching that conclusion.  In response, Rosales argued that he could perform the essential job functions, and that Bellagio reached its conclusion that he could not do so prior to any discussion with Rosales, which violates ADA's interactive process requirement.  The parties thus briefed the case to the district court on the issue of reasonable accommodation and whether the employer had engaged in the required interactive process.

The district court granted summary judgment to Bellagio.  The district court decided the case on the issue of disparate treatment, and, applying the *McDonnell Douglas* burden-shifting framework, held that Rosales failed to raise a triable issue of material fact as to pretext.  It granted summary judgment for Bellagio.  At the same time, however, the district court ruled that Bellagio had not engaged in the

interactive process in good faith, and that the record allowed the court to infer that there was a reasonable accommodation that would allow Rosales to work as a server. The Court's decision to grant summary judgment thus does not appear to be internally consistent. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113 (9th Cir. 2000) (en banc), *vacated on other grounds sub. nom.*, 535 U.S. 391 (2002) ("[E]mployers, who fail to engage in the interactive process in good faith, face liability . . . if a reasonable accommodation would have been possible. . . . [A]n employer cannot prevail at the summary judgment state if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process."). It also does not appear to be congruent with the arguments of the parties. Rosales appealed, contending that the district court applied the wrong legal standard. We agree. We therefore reverse and remand for proper resolution of Rosales' ADA failure to accommodate claim.

      **REVERSED AND REMANDED.**

FILED

JUL 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Rosales v. Bellagio*, No. 19-15574

BUMATAY, Circuit Judge, dissenting:

I agree with the majority: the district court applied the wrong legal standard to Bellagio's motion for summary judgment. But that doesn't end our inquiry. When reviewing a grant of summary judgment, we may affirm on any basis supported by the record—even when the district court errs in the first instance. *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1279 (9th Cir. 1994). Applying the appropriate standard for a failure-to-accommodate claim leads Rosales's case to the same dead end: Bellagio is entitled to summary judgment.

## I.

The Americans with Disabilities Act prohibits employment discrimination "on the basis of disability." 42 U.S.C. § 12112(a). Prohibited discrimination includes a failure to make "reasonable accommodations" for "an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b); *see Dunlap v. Liberty Natural Prods., Inc.*, 878 F.3d 794, 798 (9th Cir. 2017). To prevail on his failure-to-accommodate claim, Rosales bears the burden of showing that he is a qualified individual able to perform the essential functions of the job with or without a reasonable accommodation. *Dark v. Curry Cnty.*, 451 F.3d 1078, 1086 (9th Cir. 2006).

1

Rosales undoubtedly finds himself in an unfortunate situation, unable to work after 18 years of loyal service to Bellagio because of an injury he sustained while working. But the ADA requires only *reasonable* accommodations; it does not require employers to make fundamental changes to the tasks required by the job. At summary judgment, Bellagio has demonstrated that Rosales could not perform the essential functions of his job, and that there was no accommodation available to change that fact.

After his injury, Rosales was subject to permanent restrictions from his doctor. Rosales couldn't lift more than 36 pounds and needed to avoid "repetitive movements of the neck and . . . reaching overhead on the right side." Yet the essential functions of Rosales's job required exactly this. For example, the job description for food servers like Rosales indicates that flexibility, kneeling, and reaching were essential functions of the job. Servers also had to carry hot boxes that weighed approximately 36 pounds, apparently while empty. Rosales himself testified that his job demanded a lot of neck movement and that there were various parts of the job he could no longer do.[1] Put simply, there's no genuine dispute that Rosales could no longer do the essential functions of the job.

---

[1] Rosales conceded he could not do all the "side work"—the work food servers did between delivering orders to customers, such as cleaning and resupplying the kitchen. For example, Rosales admitted he could not frequently carry a gallon of milk or juice from the refrigerator, and that he couldn't unstack and set up tables. In

Rosales contends that he *could* perform the essential functions of the job—all he needed was an accommodation. Yet Rosales can't show that any reasonable accommodation was available that would've enabled him to do the job. *See Dark*, 451 F.3d at 1088 (recognizing that at summary judgment an employee must identify the existence of an accommodation that at least seems reasonable on its face). During his meeting with Bellagio, and throughout these proceedings, Rosales has suggested a single possible accommodation: being allowed to just do "light work," meaning handling "[c]offee orders, regular orders, amenities, which are very light." Thus, Rosales was asking for a permanent "modified/light work" version of his job, in which his coworkers would be expected to pick up the slack. Bellagio was under no obligation to create such a light-duty position where none exists. *Id.* at 1089 ("The ADA does not require an employer to exempt an employee from performing essential functions or to reallocate essential functions to other employees."); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1240 (9th Cir. 2012) (asking to be exempt from essential functions is not a reasonable accommodation). Rosales basically wanted to limit his duties to delivering coffee, chocolates, flowers, and

---

fact, the only side work that Rosales indicated he could do was cleaning the beverage area. It is undisputed that this "side work" is an essential function of the job.

3

other "light stuff." It is undisputed that the essential functions of the job include much more.[2]

## II.

Rosales argues that Bellagio failed to engage in a good-faith interactive process. The district court agreed, relying on the fact that Bellagio decided no accommodation existed before meeting with Rosales. Without more, I am doubtful this constitutes a failure to engage in a good-faith interactive process.[3] Even so, regardless of its participation in a good-faith interactive process, Bellagio can be held liable only if a reasonable accommodation was actually available and denied to Rosales. *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) ("[T]here exists no stand-alone claim for failing to engage in the interactive process. Rather, discrimination results from denying an available and reasonable accommodation."). As explained above, Bellagio has shown that no reasonable

---

[2] Even if a light-duty position was a reasonable accommodation, Rosales admitted that he can't even perform the "light work." For example, in discussing the neck movements required by the job, Rosales plainly stated: "even after my surgery, doing the light work, I don't think that would help me. I think that would actually hurt me[.]" Likewise, he testified that he "started wondering" during his meeting with Bellagio whether he "can do *some* of the light work." He also testified that he wasn't able to sit through a GED course because his "neck would start hurting a lot." Accordingly, it's clear that Rosales can't do the job even if he was entitled to just do the "light work."

[3] We've previously rejected this as a basis for finding a lack of good faith because "the law affords employers the ability to have some internal discussion." *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 743 n.15 (9th Cir. 2011) (analyzing claim under similar California antidiscrimination law).

accommodation existed as a matter of law. Accordingly, it's entitled to summary judgment.

The majority cites *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113 (9th Cir. 2000) (en banc), *vacated sub. nom.,* 535 U.S. 391 (2002), to suggest that "[a]n employer cannot prevail at the summary judgment stage if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process." But *Barnett* was vacated and is no longer good law. *See Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n.2 (9th Cir. 1991) ("A decision may be *reversed* on other grounds, but a decision that has been *vacated* has no precedential authority whatsoever.").

Our decisions now hold that an employer may still prevail on a summary judgment motion—despite a genuine dispute as to good-faith participation in the interactive process—if the employer proves no reasonable accommodation is available. *See Morton v. United Parcel Serv., Inc.*, 272 F.3d 1249, 1256 n.7 (9th Cir. 2001), *overruled on other grounds by Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007); *Dark*, 451 F.3d at 1088 (recognizing that even where the employer failed to engage in the interactive process, summary judgment remains available to an employer who can show that "there would in any event have been no reasonable accommodation available") (simplified).[4] This is for good reason. A

---

[4] Although this court recently repeated *Barnett*'s questionable line in *Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1134 (9th Cir. 2020), that statement was "not

contrary holding would run afoul of the "plain language of [Rule 56, which] *mandates* the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The ADA does not impose liability for a failure to engage in an interactive process (a phrase found nowhere in the statute)—but only for a failure to accommodate. *Snapp*, 889 F.3d at 1095. Resuscitating the now-defunct *Barnett* rule would "require more than a little judicial adventurism, and look a good deal more like amending a law than interpreting one." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1017 (2020).

### III.

I understand the majority's approach in remanding here. The district court applied the wrong legal standard, so sending the case back is reasonable. But nearly 20 years ago, we observed that "the resources of the federal judiciary, and this Circuit especially, are strained to the breaking point." *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002). No doubt this strain on our resources has only gotten worse since. Because Rosales can't show any reasonable accommodation

---

necessary to the decision and thus [has] no binding or precedential impact[.]" *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1472 (9th Cir. 1995).

exists here, I see no reason to remand this case for the district court to merely reenter summary judgment for Bellagio.

    Accordingly, I respectfully dissent.